IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| RADIO SYSTEMS CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 8:17-cv 1477 36 AAS |
| v. | ) | |
| | ) | |
| E.A. DISTRIBUTION INC., | ) | |
| and EMMANUEL ALLIEL, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

FILED

---

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Radio Systems Corporation, for its Complaint against Defendants E.A. Distribution Inc. and Emmanuel Alliel (collectively, "Defendants"), states as follows:

### I.   THE PARTIES

1.    Plaintiff Radio Systems Corporation ("RSC") is a corporation organized under the laws of the State of Delaware with its principal place of business at 10427 PetSafe Way, Knoxville, TN 37932.

2.    Upon information and belief, Defendant E.A. Distribution ("EAD") Inc. is a Florida corporation with a principal address of 11641 US Highway 19 N, Clearwater, Florida 33764. Upon information and belief, EAD's registered agent is Emmanuel Alliel, 11641 US Highway 19 N, Clearwater, Florida 33764.

3.    Upon information and belief, Defendant Emmanuel Alliel is the owner and CEO of Defendant EAD and a resident in this District.

1



## II.    NATURE OF ACTION

4.     This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

## III.    JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 as it involves a federal question and under 28 U.S.C. § 1338 as it involves claims under the Copyright Act, 17 U.S.C. § 101 *et seq*.

6.     This Court has general personal jurisdiction over Defendants because EAD is a Florida corporation with a principal place of business in this District and Alliel is an individual who resides and operates EAD from a location in this District. This Court also has general personal jurisdiction over Defendants based on their continuous and systematic minimum contacts with residents of Florida through the distribution, offering for sale, and sale of products in Florida and beyond.

7.     This Court further has specific personal jurisdiction over Defendants under Florida's long-arm statute, Florida Code §48.193, because, upon information and belief, (1) Defendants are operating, conducting, engaging in, or carrying on a business or business venture in Florida; (2) Alliel, CEO of AED, resides in Florida; (3) the tortious acts or omissions arose in Florida; and (4) jurisdiction based on Defendants' contacts with Florida (including, but not limited to, sales of products) is not inconsistent with the Constitution of the State of Florida or the Constitution of the United States.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a) in that, upon information and belief, Defendants reside in this district for venue purposes.

2

## IV.    THE CONTROVERSY

### A.    RADIO SYSTEMS CORPORATION

9.      RSC is a leading developer and manufacturer of electronic pet containment systems, electronic dog training products and accessories, and behavioral and lifestyle product solutions.

10.      RCS is the parent company to many of the most recognizable pet brands in the world.  The RSC family of brands includes, among others, the PetSafe® Brand (a leading pet product brand for feeding, watering, and behavior training products and solutions), the Invisible Fence® Brand (a leading in-ground containment brand), and the SportDOG® Brand (a leading brand for training equipment for sporting dogs),  and the Drinkwell® Brand (a leading brand for pet fountains).

### B.    THE COPYRIGHTED PICTURE

11.      RSC employs Sharon Lynn Popek under the title Photographer/Photo Editor.

12.      As part of the course and scope of her employment by RSC, Ms. Popek takes photographs of RSC's products for use in marketing, packaging, and otherwise.

13.      In early 2016, Ms. Popek took a photograph of RSC's Drinkwell® Current Pet Fountain (the "Fountain Picture").

14.      A true and correct copy of the Fountain Picture is displayed below:



15.     RSC incorporated the Fountain Picture into various marketing materials and displayed it on various websites including, without limitation, store.petsafe.net and Amazon.com, where the Drinkwell® Current Pet Fountain was and remains offered for sale.

16.     RSC has filed an application for registration of the Fountain Picture with the United States Copyright Office.

17.     Pursuant to 17 U.S.C. § 201, RSC is the owner of the copyright in the Fountain Picture because it is a work made for hire under 17 U.S.C. § 101.

### C.     DEFENDANTS' INFRINGING CONDUCT

18.     Among other products, Defendants sell, offer for sale, and/or distribute in the United States charcoal filters under the Pet Standard brand.

19.     Defendant Alliel is the CEO of Defendant AED.

20.     On information and belief, Defendant Alliel has a financial interest in the affairs and activities of Defendant AED.

21.     On information and belief, Defendant Alliel controls and has the power to control the affairs and activities of Defendant AED.

4

22.     On information and belief, Defendant Alliel has the right and ability to supervise the infringing activity of Defendant AED.

23.     As shown below, Defendants' packaging for the charcoal filters bears a copy of Fountain Picture (the "First Infringing Picture"):



24.     On March 29, 2017, RSC sent a letter to Defendants in which RSC affirmed that it was the owner of the Fountain Picture; informed Defendants that their conduct constituted willful copyright infringement; and demanded that Defendants cease using the Fountain Picture. A true and correct copy of the March 29, 2017, letter is attached hereto as Exhibit 1.

25.     On April 10, 2017, at approximately 9:43 a.m. CDT, Defendants responded by stating in pertinent part, "thank you from bringing this issue to my attention. All pictures on this item have been replaced: https://www.amazon.com/Filters-PetSafe-Current-Fountains-Pack/dp/B01N0VO1QW."

26.    Upon receipt of Defendants' email, RSC sought to confirm Defendants' statement in the April 10, 2017 email.  RSC discovered that it did not appear that the Fountain Picture was actually "replaced."

27.    RSC then notified Defendants that the April 10, 2017 email was not accurate.

28.    On April 10, 2017 at approximately 10:58 a.m. CDT, Defendants responded via email in which they stated in pertinent part: "the packaging picture has been replaced as well. Our picture appears to be very similar to your client picture but it was made by our photographer."

29.    A true and correct copy of Defendants' replacement picture (the "Second Infringing Picture") is shown on Defendants' current charcoal filter packaging below:



30.    As of the filing of this Complaint, Defendants' continue to use the Second Infringing Picture on at least their charcoal filters' packaging.

31.    Defendants' First Infringing Picture is an exact copy of the Fountain Picture and thus the exact same of the Fountain Picture.

32.    Per Defendants' admission, the Second Infringing Picture is "very similar" to the Fountain Picture.

33.    Defendants' Second Infringing Picture copies at least the same focus, angle, lighting, subject, depth of view, placement and water level as the Fountain Picture.

34.    By virtue of Defendants' admission that it had copied the Fountain Picture, Defendants had access to the Fountain Picture at the time the First Infringing Picture was copied and at the time Defendants' created the Second Infringing Picture.

35.    On information and belief, Defendant Alliel made and/or ratified the decision by Defendant AED to copy, use, and/or create the First Infringing Picture and/or the Second Infringing Picture.

36.    Defendants do not have a license or other authorization to reproduce, distribute, display, and/or create derivative works from the Fountain Picture.

## V.    CAUSE OF ACTION - COPYRIGHT INFRINGEMENT

37.    RSC incorporates the preceding paragraphs as though fully set forth herein.

38.    RSC is the owner of all right, title, and interest in and to the copyright in the Fountain Picture.

39.    Defendants had access to the Fountain Picture.

40.    Defendants have engaged in copyright infringement in violation of 17 U.S.C. § 501 by reproducing, distributing, and publicly displaying the First Infringing Picture without RSC's permission or authorization.

41.     Defendants have engaged in direct copyright infringement in violation of 17 U.S.C. § 501 by creating reproducing, distributing, and publicly displaying the Second Infringing Picture or otherwise creating a derivative work from the Fountain Picture without RSC's permission or authorization.

42.     To the extent Defendants did not engage in direct infringement, they have engaged in contributory infringement because individually and/or collectively Defendants knowingly induced, caused or materially contributed to direct copyright infringement by another and had knowledge, or reason to know, of the infringement.

43.     Defendants' unlawful actions are ongoing and will continue unless enjoined by the Court.

44.     RSC is irreparably harmed by Defendants' infringement in that RSC will be unable to control distribution of the Fountain Picture and/or unlawful use may give the appearance that Defendants' own the Fountain Picture.

45.     Defendants' acts are and were knowing, willful, and/or made with reckless disregard for the copyright interest of RSC, including without limitation after Defendants had actual notice of RSC's copyright ownership for the Fountain Picture.

46.     In addition to liability for his owns actions, Defendant Alliel is vicariously liable for the copyright infringement described above in that he as control and the power to control the affairs and activities of Defendant AED; he has the right and ability to supervise the infringing activities; and he has a direct financial interest in the activities and profiting therefrom.

8

47.     RSC is entitled to all available remedies pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, against Defendants including but not limited to preliminary and permanent injunctions; destruction of any copies of the First Infringing Picture and Second Infringing Picture; RSC's damages; Defendants' profits; willful/treble damages; costs; pre-judgment interest; post-judgment interest; and other equitable relief.

## VI.     PRAYER FOR RELIEF

WHEREFORE, RSC prays that the Court enter judgment in its favor and against Defendants and grant the following relief:

1.      Judgment be entered in favor of RSC against Defendants for each of the causes of action;

2.      Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminarily enjoined from infringement of the copyright in the Fountain Picture through, at least, the reproduction, distribution, and display of the First Infringing Picture and/or Second Infringing Picture.

3.      Defendants be directed to file with this Court and serve on RSC within ten (10) days after the service of a preliminary injunction order, a report in writing under oath, setting forth in detail the manner and form in which they have complied with the preliminary injunction order;

4.      At conclusion of trial, Defendants, their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and any other persons who are in active concert or participation with any of the foregoing, shall be permanently enjoined

from infringement of the copyright in the Fountain Picture through, at least, the reproduction, distribution, and display of the First Infringing Picture and/or Second Infringing Picture;

5.     Defendants be directed to file with this Court and serve on RSC within ten (10) days after the service of a permanent injunction order, a report in writing under oath, setting forth in detail the manner and form in which they have complied with the permanent injunction order;

6.     The Court order impoundment of all copies, phonorecords, plates, molds, matrices, masters, tapes, film negatives, or other articles that infringe the copyright in the Fountain Picture pursuant to 17 U.S.C. § 503;

7.     Defendants and their officers, agents, servants, employees, attorneys, and anyone in active concert with, aiding, assisting, and/or enabling Defendants, be directed to deliver up and destroy all packaging, containers, devices, products, literature, advertising, storage media, and any other material bearing or containing at least the First Infringing Picture and/or Second Infringing Picture.

8.     RSC be awarded its actual damages incurred as a result of Defendant's acts of copyright infringement, and all profits Defendants realized as a result of its acts of copyright infringement, and any other monetary damages that are or may become available, in amounts to be determined at trial;

9.     RSC be granted such other and further relief as this Court deems just and proper.

## VII.   DEMAND FOR JURY TRIAL

RSC demands a trial by jury of all issues so triable.

Dated:  June 19, 2017

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, FL 32802-1549
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
*Counsel for Plaintiff Radio Systems
Corporation*

Kyle A. Diamantas
Florida Bar No. 106916
*kdiamantas@bakerdonelson.com*
*sdenny@bakerdonelson.com*
*fedcts@bakerdonelson.com*

11

# EXHIBIT 1

# BAKER DONELSON

**BAKER DONELSON CENTER · SUITE 800 · 211 COMMERCE STREET · NASHVILLE, TENNESSEE 37201 ·**
**615.726.5600 · bakerdonelson.com**

SAMUEL F. MILLER, SHAREHOLDER
Direct Dial: 615.726.5594
Direct Fax: 615.744.5594
E-Mail Address: smiller@bakerdonelson.com

March 29, 2017

<u>**VIA EMAIL AND FEDERAL EXPRESS**</u>

E.A. DISTRIBUTION INC.
c/o CEO/Owner
1182 KAPP DR
Clearwater, Florida 33765
Phone: 727.674.1460
Email: ea@eadistribution.com

    **Re:    Demand to Immediately Cease and Desist Infringement of Copyrighted Image**

To Whom It May Concern:

    Our firm represents Radio Systems Corporation ("RSC"). The purpose of this letter is to formally request that E.A. Distribution, Inc. ("EA") and its manufacturers, distributors, subsidiaries, and affiliates and their third-party retailers immediately cease infringement of RSC's copyrighted images.

    As you are aware, RSC sells a pet fountain under the name "Current Pet Fountain." This fountain is available online at store.petsafe.net, other online retailers such as Amazon.com, and brick-and-mortar retailers. On both the store.petsafe.net and amazon.com websites, there is the following photograph of the Current Pet Fountain:



Page 2 of 3

This photograph was taken by a RSC employee in the course and scope of their employment by RSC. Therefore, under 17 U.S.C. § 201, RSC owns the copyright in the image.

RSC recently discovered that you are offering charcoal filters under the Pet Standard brand that bear a manipulated version of the copyrighted photograph. The following is a screen capture of that product packaging at issue:

**12 PACK**



The photograph of the fountain on the packaging was taken directly from RSC's website, Amazon.com, or another retailer's website. You have manipulated the image to change the color and remove the word "PetSafe®" from the pump housing. RSC has not authorized your use or modification of the image of the fountain. Accordingly, your unauthorized reproduction, distribution, and public display of RSC's copyrighted photograph constitute copyright infringement under 17 U.S.C. § 501.

RSC demands your company and all of its manufacturers, distributors, subsidiaries, and affiliates and any third-party retailers that acquired product from any of the foregoing immediately cease and desist all uses, reproductions, distribution, and/or display of the copyrighted photograph. This will require that, among other measures, you immediately remove all images of the packaging from any online retailer and recall all products in packaging bearing the copyrighted image. At this time, RSC is not requesting that you recall the product from all end-user consumers (i.e. individual purchasers who actually use the filters). However, RSC does demand that you recall the product in such packaging from all distributors, retailers, subsidiaries, and affiliates and third-party retailers. Upon meeting the foregoing demands, RSC is willing to enter into a business discussion with your company to determine if a resolution can reached to avoid such actions in the future and to compensate RSC for your infringement. If you are unwilling to meet the foregoing demands, RSC will consider taking legal action

Page 3 of 3

against your company and a number of its manufacturers, distributors, subsidiaries, and affiliates, each of whom is a separate infringer under the Copyright Act.  We sincerely hope such action will not be necessary.

Please confirm in writing by April 7, 2017, that your company has taken the above referenced actions.  We are available to discuss this matter at your convenience.

Nothing herein is intended nor should be construed to be a waiver of any rights, claims, or defenses.

Sincerely,

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

Samuel F. Miller

cc:     Radio Systems Corporation