UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RADIO SYSTEMS CORPORATION,

    Plaintiff,

v.                                                                                                      Case No: 8:17-cv-1477-T-36AAS

E.A. DISTRIBUTION, INC., AND
EMMANUEL ALLIEL,

    Defendants.
_____/

**ORDER**

        E.A. Distribution, Inc. ("E.A. Distribution") and Emmanuel Alliel ("Alliel") request that the court set aside the entries of clerk's default. (Doc. 32). Though the motion indicates that it is opposed, no response has been filed and the deadline for Radio Systems Corporation ("Radio Systems") to timely respond has passed.

        Radio Systems filed the complaint in this action on June 20, 2017. (Doc. 1). In October 2017, Radio Systems filed its proofs of service on E.A. Distribution and Alliel. (Docs. 9, 10). Thereafter, Radio Systems filed three unopposed motions to extend the case management conference deadline because the parties were in settlement negotiations. (Docs. 11, 13, 15). The court granted Radio Systems' requests and ultimately extended the deadline to March 16, 2018. (Docs. 12, 14, 16). On March 14, 2018, the parties filed their case management report but the defendants still had not responded to Radio Systems' complaint. (Doc. 17). On March 20, 2018, the court ordered Radio Systems to show cause why the complaint should not be dismissed for failure to prosecute. (Doc. 19). On March 23, 2018, Radio Systems moved for entry of default against E.A. Distribution and Alliel, which the clerk entered on March 26, 2018. (Docs. 20-22).

1

On March 27, 2018, E.A. Distribution and Alliel retained counsel and filed a motion to dismiss. (Doc. 23).

It is well within the court's discretion to set aside entry of a default. *See, e.g., Singh v. Hopkins Meat Packing, Inc.,* No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *1 (M.D. Fla. Nov. 13, 2008). Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." *See, e.g., EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990). The Eleventh Circuit has held that the "good cause" standard under Rule 55(c) is a "liberal one." *See, e.g., Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). Even where there is uncertainty as to whether "good cause" exists, courts generally set aside the default so that the case may be decided on its merits. *See Singh,* No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *2.

To set aside an entry of default, district courts consider whether: (1) there was excusable neglect; (2) the defaulting party responded promptly after notice of the entry of the default; (3) setting aside the default will not cause prejudice to the opposing party; and (4) the defaulting party has a meritorious defense. *See Lee v. Golden Fortune Int'l,* No. 6:08-cv-1394-Orl-22DAB, 2009 WL 36452, at *2 (M.D. Fla. Jan. 6, 2009) (noting that "the standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment" ).

Here, E.A. Distribution and Alliel's request to set aside the clerk's entry of default is supported by good cause. E.A. Distribution and Alliel had not retained counsel and were in settlement negotiates with Radio Systems at the time the defaults were entered. (Doc. 32, p. 4). E.A. Distribution and Alliel were unaware of the failure to comply with procedural deadlines, and,

one day after receiving the default notices, E.A. Distribution and Alliel retained counsel and moved to dismiss the action. (Docs. 21-23). Such a short delay did not and could not cause Radio Systems any prejudice. In addition, E.A. Distribution and Alliel have now asserted a defense to Radio Systems' claims. (Doc. 32, p. 5). *See Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657 (M.D. Fla. 2014) (holding that a meritorious defense is merely a good defense at law, without regard of likelihood of success).

Therefore, E.A. Distribution and Alliel's request to set aside the entry of default is supported by good cause and the well-established public policy in favor of deciding cases on the merits. *See BP Prods. N. Am. Inc. v. Super Stop #70I, Inc.,* No. 08-61301-CIV, 2009 WL 2852780, at *2 (S.D. Fla. Sept. 1, 2009) (setting aside default where delay was only twenty-one days, and finding good faith although the delay was within the control of the defendants); *Singh,* No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *3 (setting aside default where the plaintiff was not prejudiced by a three business day delay).

Accordingly, it is **ORDERED** that E.A. Distribution and Alliel's Motion to Set Aside Default (Doc. 32) is **GRANTED**. The Clerk is directed to set aside the entries of default (Docs. 21-22).

**ORDERED** in Tampa, Florida on this 1st day of May, 2018.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge